UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUSAN HAFNER** | **CASE NO. 2:23-CV-01054** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 12] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant State Farm Fire & Casualty Company. Plaintiff opposes the motion. Doc. 14.

### I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the property was insured under a policy issued by State Farm, containing the following clause:

> **Suits Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within two years after the date of loss or damage.

Doc. 12, att. 4, p. 39.

Plaintiff alleges that State Farm failed to timely or adequately compensate her for her hurricane damages. She filed suit in state court on April 14, 2023, raising breach of contract and bad faith claims under Louisiana law. Doc. 1, att. 5. State Farm then removed

the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. State Farm now requests that the court dismiss plaintiff's claims under Rule 12(b)(6) on the basis of prescription. Doc. 12. Plaintiff opposes the motion, arguing that State Farm restarted the prescriptive period in July 2022 when it made a payment on her claim. Doc. 14.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

A federal court sitting in diversity jurisdiction applies state substantive law, including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law, the prescriptive period for personal actions, including actions on a contract, is ten years. La. Civ. Code art. 3499. Bad faith claims are likewise subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019).

Under Louisiana law, parties may shorten a prescriptive period by contract. *E.g.*, *La. Health Serv. & Indem. Co. v. McNamara*, 561 So.2d 712, 719 (La. 1990). Such an agreement is valid as long as it does not violate a statute or public policy. *Mansfield Rd., LLC v. Great Am. Ins. Co. of N.Y.*, 2022 WL 16857018, at *3 (W.D. La. Nov. 10, 2022) (citing *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001)). Louisiana law also provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. La. Rev. Stat. 22:868(B). Here the policy sets a two-year limit on filing suit after a loss. Accordingly, this limitation governs and plaintiff's claims arising from Hurricanes Laura and Delta, which struck more than two and a half years before she filed suit, are facially prescribed.

Plaintiff argues that prescription was restarted when State Farm paid on her claim in July 2022.[1] She bases her argument on Louisiana Code of Civil Procedure article 3464, which states: "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La. Civ. Code art. 3464. For this purpose, an acknowledgment is a simple admission of liability that may assume many forms. *Demma v. Auto. Club Inter-Ins. Exch.*, 15 So.3d 95, 98 (La. 2009). And indeed, in *Mallett v. McNeal*, 368 So.3d 1143 (La. 2006), the Louisiana Supreme Court held that an insurer's unconditional payment constituted acknowledgment sufficient to interrupt prescription on a third-party claim. *Id.* at 1256–59. Under Louisiana law, however, the insurer is statutorily obliged to make an unconditional tender of the undisputed amount of the claim to the insured. Accordingly, such payments do not constitute an acknowledgment of the disputed amount of a first-party claim. *Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So.2d 139, 145–46 (La. Ct. App. 4th Cir. 2008); *accord La. Joint Underwriters of Audubon Ins. Co. v. Johnson*, 20 So.3d 528 (La. Ct. App. 4th Cir. 2009). Therefore there was no interruption and plaintiff's claims must be dismissed as prescribed.

---

[1] Plaintiff has attached proof of this payment, which is outside the court's scope of review on a Rule 12(b)(6) motion. Instead, the court accepts her allegations as true in order to consider the legal argument.

# III.
## Conclusion

For the reasons stated above, the Motion to Dismiss [doc. 12] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of August, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE