UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUSAN HAFNER** | **CASE NO. 2:23-CV-01054** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the court is a Motion to Reconsider [doc. 18] filed under Federal Rule of Civil Procedure 59(e) by plaintiff Susan Hafner. Defendant State Farm Fire & Casualty Company ("State Farm") opposes the motion. Doc. 22.

### I.
### BACKGROUND

This suit arises from first-party insurance claims filed by plaintiff against her insurer based on damages sustained in Hurricanes Laura and Delta. State Farm moved to dismiss the suit, which was filed more than two years after the storms (in April 2023) in violation of the 24-month deadline under the policy and Louisiana Revised Statutes 22:868(B). Doc. 12. Plaintiff opposed the motion, arguing that a payment made by State Farm in July 2022 interrupted prescription. Doc. 14. The court agreed with State Farm under a line of cases from the Louisiana Fourth Circuit Court of Appeal that this interruption did not apply to first-party insurance claims and granted the motion on September 3, 2024. Doc. 16.

Sixteen days later, however, the undersigned denied a similar motion to dismiss in *Caldwell v. GeoVera Specialty Insurance Company*, No. 2:24-cv-1023 (W.D. La.). There

the plaintiffs, represented by the same firm that represents plaintiff in this matter, presented case law from *Taranto v. Louisiana Citizens Property Insurance Corp.*, 62 So.3d 721, 732 (La. 2011), that (1) the prescriptive period was statutory and thus subject to ordinary rules of interruption and suspension and (2) GeoVera's unconditional payment of portions of the claim constituted an "acknowledgment" interrupting prescription. Accordingly, the undersigned determined that *Taranto* and *Demma v. Auto. Club Inter-Insurance Exchange*, 15 So.3d 95, 98 (La. 2009), abrogated the line of Fourth Circuit cases previously relied on this matter, which held (1) such tenders could not constitute acknowledgment because they were required under law, *see Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So.2d 139, 145–46 (La. Ct. App. 4th Cir. 2008); and (2) the prescriptive periods were not subject to interruption at any rate because they were contractual rather than statutory, *see Wolfe World LLC v. Stumpf*, 43 So.3d 311, 316 (La. Ct. App. 4th Cir. 2010). *Caldwell v. GeoVera Spec. Ins. Co.*, 2024 WL 4245493 (W.D. La. Sep. 19, 2024), *reconsideration denied*, 2024 WL 4710376 (W.D. La. Nov. 7, 2024).

On September 30, twenty-seven days after the court's original ruling, plaintiff in this matter moved for reconsideration based on the court's ruling in *Caldwell*. Doc. 18. State Farm opposes the motion, arguing that (1) plaintiff is improperly seeking a second bite at the apple, (2) *Taranto* was abrogated by the Supreme Court's recent application of the two-year contractual statute of limitations in *Wilson v. Louisiana Citizens Property Insurance Corp.*, 375 So.3d 961 (La. 2024), and (3) at any rate, plaintiff's complaint does not contain any allegations supporting her claim of interruption. Doc. 22.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Accordingly, a motion seeking reconsideration of a final judgment is construed under Rule 59(e) if filed within this time. *Milazzo v. Young*, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Federal courts are bound by a state supreme court's interpretation of state law. *E.g.*, *Johnson v. United States*, 559 U.S. 133, 138 (2010). The parties' previous briefing on interruption and prescription contained no discussion of *Taranto*, which is controlling here. The Louisiana Supreme Court held in that matter that the one-year suit limitation in plaintiffs' homeowner's insurance policy was nonetheless statutory, "as a prescriptive period, the prescribed time limitation herein is subject to **all** the laws governing liberative prescription," and "thus the laws with respect to interruption and suspension apply, including LSA-C.C.P. art. 596." *Taranto*, 62 So.3d at 734 (emphasis added). As the court had previously held in *Demma*, an insurer's unconditional payment of portions of a claim

constitutes "acknowledgment" interrupting prescription under Louisiana Civil Code article 3466. 15 So.3d at 105.

State Farm maintains that this is of no moment because of the Louisiana Supreme Court's more recent decision in *Wilson*, supra. *Wilson* briefly cites *Taranto* for its recognition that "in the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid." 375 So.3d at 962. It contains no discussion, however, of interruption or of *Taranto*'s holding that such statutory prescriptive periods are nonetheless subject to "all the laws governing liberative prescription," including "the laws with respect to interruption and suspension[.]" 62 So.3d at 734. *Wilson* therefore provides no abrogation to *Taranto* and the court's prior decision must be amended to correct a manifest error of law.

As State Farm points out, however, unlike the plaintiffs in *Caldwell*, plaintiff in this matter never made any allegations regarding prior payments in her complaint. *See* doc. 1, att. 5 (state court record). It was not until her opposition to the motion to dismiss that plaintiff described and attached a one-page exhibit purporting to show payments made by State Farm. Doc. 14, att. 1. This evidence, however, is outside the scope of the court's review on a 12(b)(6) motion. *See, e.g.*, *McLeland v. 1845 Oil Field Servs.*, 97 F.Supp.3d 855, 860–61 (describing "very limited circumstances" under which court can consider matters outside the complaint under Rule 12(b)(6), which are not present here). Accordingly, the court will deny the motion to dismiss and allow plaintiff leave to amend to properly allege circumstances supporting interruption.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Reconsider [doc. 18] will be **GRANTED**, the court's prior Memorandum Ruling and Judgment [docs. 16 & 17] will be **WITHDRAWN**, State Farm's Motion to Dismiss [doc. 12] will be **DENIED**, and plaintiff will be given **14 days** to amend her complaint to properly allege the circumstances supporting interruption.

**THUS DONE AND SIGNED** in Chambers on the 20th day of November, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE