UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SUSAN HAFNER | CIVIL CASE NO. 2:23-cv-01054 |
| VS. | JUDGE JAMES D. CAIN, JR. |
| STATE FARM FIRE AND CASUALTY COMPANY | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**May It Please the Court:**

**NOW INTO COURT**, through undersigned counsel, comes **Susan Hafner** (hereinafter "Plaintiff"), who respectfully requests that this Honorable Court grant her permission to amend her original complaint pursuant to the Court's granting of her motion for reconsideration.

On November 20th, 2024, this Honorable Court granted Ms. Hafner's motion for reconsideration of the prior motion to dismiss filed by State Farm Fire and Casualty Company. The Court allowed Ms. Hafner 14 days to amend her complaint to properly allege the circumstances regarding interruption. Plaintiff prays that this amended complaint satisfies the Court.

1.

Plaintiff **Susan Hafner** is a natural person of the full age of majority and is domiciled in Calcasieu Parish, Louisiana.

2.

Made defendant herein is **State Farm Fire and Casualty Company** (Defendant), a Louisiana-domiciled insurance company that may be served through its agent for service of process the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

3.

Defendant insured the property of Plaintiff located at 5276 Nautical Drive, Lake Charles, Louisiana under Policy No. 18-EA-2913-5, which was in full force and effect on August 27, 2020, and October 9, 2020.

4.

Hurricane Laura struck the Gulf Coast from August 26-28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours. Shortly thereafter on October 9, 2020, Hurricane Delta made landfall as a Category 2 hurricane with strong winds and torrential rains in the location of the insured property.

5.

The above property was damaged as a result of winds and/or wind driven rain associated with Hurricane Laura and/or Hurricane Delta.

6.

Defendant was notified of the loss and inspected the property, at which time it had actual proof of the loss sustained at location of the property insured.

7.

Defendant failed to pay all amounts owned under the policy within 60 days after it first received satisfactory proof of loss.

8.

Defendant failed to pay the entirety of Plaintiff's claims and failed to pay within the time required under Louisiana law despite receiving satisfactory proof of losses covered under the

policy, and in so doing Defendant has breached its contractual obligations to timely pay the amounts owed under the policy.

9.

Louisiana Revised Statute 22:1892 obligates an insurer, such as Defendant, to make a written settlement offer and to pay the amount due any insured within 30 days after satisfactory proof of loss and states that failure to make such written settlement offer or payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

10.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within 60 days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

11.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

12.

In addition to the amount of the loss owed, Defendant is also liable to Plaintiff for a penalty of 50% of the amount due from Defendant, as well as reasonable attorney's fees and costs, based on Defendant's failure to make a written settlement offer and to unconditionally tender the

amounts owed to Plaintiff within 30 days after receipt of satisfactory proof of loss because Defendant's failure to do so was arbitrary, capricious, or without probable cause.

13.

As a result of Defendant's failure to timely pay the amounts owed, Plaintiff has suffered and continues to suffer damages for which Defendant is liable including but not limited to increased cost of construction, replacement costs completed and incurred beyond the contractual time period, loss of use beyond the contractual time period, mental anguish, emotional distress, and inconvenience, for Defendant's misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiff within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

14.

In addition to actual damages for its breaches of the statute, Defendant is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

15.

Defendant is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

16.

Plaintiff's original petition, filed on April 14, 2023, was timely because State Farm interrupted the prescriptive period by acknowledgment. State Farm issued payments for this loss as late as July 12, 2022, which restarted the two-year prescriptive period according to Louisiana

Civil Code of Procedure Article 3464; therefore, Plaintiff's original petition is timely because it was filed within the two-year deadline to file.

WHEREFORE, Plaintiff **Susan Hafner** prays that Defendant **State Farm Fire and Casualty Company** be served with the instant amended complaint and after all due delays and legal proceedings be had, there be judgment rendered herein in favor of Plaintiff and against Defendant finding Defendant in breach of its statutory obligations and therefore liable unto Plaintiff for statutory penalties, such damages as are reasonable in the premises, attorneys' fees, interest and costs under Louisiana Revised Statute 22:1892 and 22:1973, and all general and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

**COX, COX, FILO, CAMEL, WILSON & BROWN, LLC**

*s/ Jackson T. Ritchie*

**JACKSON T. RITCHIE (Bar No. 40028)**
723 Broad Street
Lake Charles, LA 70601
Phone: 337-436-6611
Fax: 337-436-9541
jackson@coxatty.com

*Attorney for Susan Hafner*

5